Sanborn, J.
This is an action of contract to recover the sum of seventeen hundred and forty nine dollars and sixteen cents, being the amount of poor relief furnished by the plaintiff to one Dorothy C. Merritt and family, who had a settlement in the defendant town. The case was tried *495 on an agreed statement of facts. It was agreed: That during the period covered by the plaintiff’s declaration and for a considerable time prior thereto, Dorothy C. Merritt and family consisting of four minor children had a settlement in the defendant town of Scituate. That said family moved to the town of Cohasset on or about August 23,1937, where they have since continuously resided. That said family was in needy circumstances and in need of relief, and applied therefor to the Board of Public Welfare of said town of Cohasset. That on September 2, 1937 said Board notified the Scituate Board said family had applied for relief which had been granted and charged to the defendant town, and requesting the removal of said family from the town of Cohasset. That the Public Welfare Board of the town of Scituate declined to remove said family from the town of Cohasset, and refused to assume or pay any part of the charges that had arisen or might arise for the support of said family. That prior to August 23, 1937 when said Merritt family moved to Cohasset, it had been receiving aid from the town of Scituate, first under the “Mother’s Aid” law, and later under the “Aid to Dependent Children” law, Gen. Laws, Chapter 118 as amended, and this fact was communicated by the Scituate Board to the Cohasset Board by letter dated August 11, 1937, which contained information necessary for the same sort of aid in the town of Cohasset. That on October 4, 1937 said Merritt made application to' the Welfare Board of the town of Cohasset for aid under the “Aid to Dependent Children” law. The Cohasset Board refused to change the aid being rendered and continued to furnish regular welfare aid and relief which it had been rendering under the previous application for aid dated September 1, 1937. That under the provisions of General Laws Chapters 116 and 117, alone considered, for the fur *496 nishing of ordinary welfare aid, the plaintiff town would be entitled to reimbursement for the amount stated in its declaration. That the Cohasset Board of Public Welfare takes the position that it is not mandatory upon them to furnish aid under the “Aid to Dependent Children” law but that the kind of aid to be rendered lies in their discretion, and has insisted upon rendering aid under General Laws, Chapter 117, as all expense incurred thereunder is chargeable to the defendant town as the place of settlement, whereas for aid furnished under General Laws, Chapter 118, as amended, the plaintiff town would be reimbursed only to the extent of about five sixths of the amount expended. That under date of June 3, 1938, Mrs. Merritt appealed to the State Department of Public Welfare Appeal Board, and after hearing, the Appeal Board “Voted to approve the appeal of Mrs. Merritt for aid under this law”, and the Cohasset Board was notified of this vote, but the form of aid continued unchanged.
The real issue between the parties is solely the question whether a Board of Public Welfare has discretionary authority to refuse aid under General Laws, Chapter 118 as amended, and instead furnish aid under General Laws, Chapter 117. We do not consider any question raised by the declaration in set-off, or by any alleged binding promise to pay on the part of the defendant town, or any question as to the eligibility of the dependent family to receive aid under either or both Chapters above referred to.
Said Chapter 118 as amended by Chapter 413 of the Acts of 1936, provides that the Board of Public Welfare in every town, provided certain conditions of residence are fulfilled, shall aid every parent in properly bringing up in his of her own home, each dependent child, if such parent is fit to bring up such child. It is expressly provided that the aid furnished shall be sufficient for that purpose. Be *497 fore such aid is granted the Board is required to make a careful investigation to determine whether the parent and other members of the household and the surroundings of the home, are such as to make for good character, and once having granted such aid, financial or otherwise, the Board is directed to visit such home at least once every three months and exercise sufficient supervision of the “conditions of the home and family to determine the wisdom of the measures taken and the advisability of their continuance”. Pending investigation as to eligibility, or compliance with the requirements of Section 3 of said Chapter 413, the Board may give prompt and suitable temporary aid when such aid is necessary and cannot be obtained from other sources.
Section 8 of said law provides “Any person aggrieved by the failure of any town to render adequate aid under this Chapter or by the failure of the Board of Public Welfare of a town to approve or reject an application for aid hereunder within thirty days after receiving such application, shall have a right of appeal to a board called the Appeal Board which Board shall have authority to act upon any appeal in relation among other matters, to the denial of aid by the local Board of Public Welfare, and all decisions of the Appeal Board shall be binding upon the local Board of Public Welfare, involved, and shall be complied with by such local Board.
It is evident that by the enactment of such provisions it was intended that parents with dependent children were to be aided and dealt with in a manner separate and apart from the relief and support of poor and indigent persons provided for by General Laws, Chapter 117. The provisions in aid of dependent children are broader and more far reaching. They mean much more than the mere furnishing of food and shelter and the bare necessities to a *498 needy family. Their purpose is the preservation of the unity of the family, and the bringing up of needy children in their own home by their own parents under circumstances that will give them a fair chance to become decent and useful citizens. Dependent children are to be aided with special care and consideration for their future well-being. The importance and desirability of such an objective is indicated by the fact that both the State and the Federal Governments contribute to the cost.
In our opinion, therefore, the dependent family in the instant case, had a right to receive aid from the plaintiff town under General Laws, Chapter 118 as amended, and the Board of Public Welfare of Cohasset had no right to deny that aid on the ground that it was furnishing aid under General Laws, Chapter 117.
There was no error in the rulings of the trial court, and this report is dismissed.